**Roy STEVEN, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–3809–ag.

United States Court of Appeals, Second Circuit.

May 1, 2008.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Gregory Marotta, Vernon, NJ, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; William Peachey, Senior Litigation Counsel; Alison Marie Igoe, Senior Litigation Counsel, Office of Immi-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for- mer Attorney General Alberto R. Gonzales as the respondent in this case.

gration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Roy Steven, a native and citizen of Indonesia, seeks review of an August 10, 2007 order of the BIA affirming the November 30, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb, which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Steven, Roy* No. A96 427 057 (B.I.A. Aug. 10, 2007), *aff'g* No. A96 427 057 (Immig. Ct. N.Y. City Nov. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's

reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 307 (2d Cir.2003).

■ As a preliminary matter, we lack jurisdiction to review the pretermission of Steven's asylum application. *See* 8 U.S.C. § 1158(a)(3). Although we retain jurisdiction to review constitutional claims and questions of law, Steven's argument that the IJ violated his due process rights by failing to consider the evidence he submitted is in fact a challenge to the IJ's factual finding. *See Saloum v. USCIS,* 437 F.3d 238, 243–44 (2d Cir.2006)(finding a lack of jurisdiction to consider petitioner's argument, cloaked in "constitutional garb," that the IJ " 'incorrectly weighed the evidence [and] failed to explicitly consider certain evidence' "). Accordingly, we dismiss the petition for review to that extent. *See* 8 U.S.C. § 1158(a)(3); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 328–29 (2d Cir.2006). Moreover, because Steven failed to raise his CAT claim in his brief to this Court, we deem it abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived and ordinarily will not be addressed on appeal).

■ As to Steven's withholding of removal claim, we conclude that the agency's adverse credibility determination is supported by substantial evidence. Steven does not dispute that the record contains numerous inconsistencies, including those regarding the date he was allegedly stabbed and the date of the alleged attacks on his house and church. Instead, he argues that these inconsistencies are minor.

However, we have emphasized that where an applicant alleges an "event of major importance," a fact-finder "might reasonably expect him to have had a clear recollection" of the date it occurred, and accordingly an inconsistency in dates may properly form the basis of an adverse credibility determination. *See Zhou Yun Zhang,* 386 F.3d at 77 (finding that where an applicant testified inconsistently as to the date his wife was sterilized, the discrepancy was not "minor" and a reasonable fact-finder could have used it as a basis for an adverse credibility determination). Here, because the agency found inconsistencies in Steven's account of each of the major incidents upon which his past persecution claim was based, its adverse credibility determination was proper. *Id.* Moreover, the record reasonably supports the IJ's finding that Steven's documentary evidence was insufficient to make up for deficiencies in his testimony where it did not resolve or diminish the noted discrepancies. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) (holding that an asylum applicant's presentation of "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence").

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).